IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| THE BUSH RANCH, INC., a Georgia Corporation, and WILLIAM R. LAWSON, Individually; | |
| YELLOW RIVER GROWERS, a partnership whose partners are Roy Phillip Barber, Carol H. Barber, and Gregory Phillip Barber, and ROY PHILLIP BARBER and CAROL H. BARBER; and | In re: E. I. Du Pont de Nemours & Co. Benlate Litigation |
| C. RAKER & SONS, INC., a Michigan Corporation, | |
| Petitioners, | |
| v. | Civil Action No. 4:95-cv-36 (HL) |
| E. I. Du PONT de NEMOURS & COMPANY, a Delaware Corporation, | |
| Respondent. | |

## ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. <u>In re E.I. Du Pont De Nemours & Co. Benlate Litigation</u>, 99 F.3d 363 (11th Cir. 1996). After consideration of the pleadings, the record from the show cause hearing commenced May 2, 1995, the district court order imposing sanctions, the Eleventh Circuit's decision remanding the case, and the submissions of the parties following remand, the Court finds that this matter should go forward as a criminal contempt proceeding pursuant to 18 U.S.C. § 401 and Rule 42 of the Federal Rules of Criminal Procedure. In accordance with this conclusion, the Court requests that the United States Attorney for the Middle District of Georgia investigate and prosecute this matter on the Court's behalf.

The Court further requests that, after review and investigation, the United States Attorney prepare and submit an order to show cause naming as respondents, in addition to E.I. Du Pont de Nemours & Company, *any* persons, whether litigants, witnesses, lawyers or otherwise, whose conduct before the Court during the course of the Bush Ranch litigation was such "as to obstruct the administration of justice," or whose actions or conduct resulted in disobedience or resistance to a lawful order of the Court, as those terms are used in 18 U.S.C. § 401. The United States Attorney is requested to state in the show cause order the essential facts giving rise to a charge of criminal contempt as to each respondent named therein. The Court further requests that the show cause order be submitted to the Court for its consideration no later than 60 days from the date of entry of this Order.

**SO ORDERED**, this the 4th day of November, 1998.

_____
HUGH LAWSON, JUDGE

ENTERED ON DOCKET
11/4, 1998
Gregory J. Leonard, Clerk
_____
Deputy Clerk

AO 72A
(Rev. 8/82)